UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGAR AVILA, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-CV-830 |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEM, INC. | § | |
| ET. AL., | § | |
|    *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

This case arises from a foreclosure on residential property. Before the Court is Defendants' Second Motion to Dismiss Avila's Amended Complaint (Dkt. # 25) and Avila's Response. (Dkt. # 31) The Court **GRANTS** the Defendant's Motion to Dismiss.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Avila purchased a home in Katy, Texas, through Cornerstone Mortgage Company in 2007.[1] In conjunction with the purchase, Avila executed a Promissory Note and Deed of Trust in favor of Cornerstone Mortgage Company. The Deed named MERS as the beneficiary for the lender, its successors, and its assigns.[2] Subsequently, the Deed was assigned to Bank of America.[3]

---

[1] Dkt. #1-1, Plaintiff's Original Petition.
[2] Dkt. #5-2, Deed of Trust
[3] See Ex. C.

Avila generally alleges that he was told that, in order to qualify for a loan modification, he needed to be behind on his mortgage.[4] Avila therefore defaulted on his obligation to repay the Note, and then applied for a modification.[5] Avila alleges that, before he received an answer regarding his application for a modification, Defendants instead foreclosed on his home.[6] Avila's home was conveyed to Federal National Mortgage Association ("FNMA") by a substitute trustee's deed, which contained an affidavit of facts stating that all notices under the Texas Property Code were provided.[7]

Avila filed his Original Petition in the 240th District Court of Fort Bend County, Texas, asserting Defendants wrongfully foreclosed on his home.[8] Defendants removed the matter to this Court, then filed a Motion to Dismiss the Plaintiff's Original Petition.[9] Avila responded to the Motion[10] and also filed a Motion for Leave to File a First Amended Complaint.[11] The Court conditionally granted the Motion to Dismiss, but also granted Avila leave to file an Amended Complaint. Avila filed an Amended Complaint on July 12, 2012. The Defendants have now filed a second motion to dismiss this Amended Complaint.[12]

---

[4] See Pl.'s Orig. Pet. at 5.
[5] See *id.*
[6] *Id.* at 5.
[7] See Ex. D.
[8] Pl.'s Orig. Pet. at 1.
[9] Dkt. #5.
[10] Dkt. #8-13.
[11] Dkt. #14.
[12] Dkt. # 30.

## II.     DEFENDANTS' MOTION TO DISMISS

### A.     Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); FED. R. CIV. P. 8(a)(2). Under *Twombly*, to withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks and citation omitted).

A "complaint must allege 'more than labels and conclusions,' " and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Dark v. Potter*, 293 Fed. App'x 254, 258 (5th Cir.

3

2008) (quoting *Twombly*, 550 U.S. at 556 n.3). These factual allegations must be the sort that, "when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). On the other hand, however, although the material factual allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *See Twombly*, 550 U.S. at 555.

In *Ashcroft v. Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Id.* Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 Fed. App'x 466, 469 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

**B. Analysis**

The Court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772,

4

774 (5th Cir. 1999). Also, when considering a Motion to Dismiss, the complaint is construed in the light most favorable to the plaintiff, its allegations are taken as true, and all reasonable inferences that can be drawn from the pleadings are drawn in favor of the pleader. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). Federal courts have said that they accept the truth of a pleading's "facts," or "well-pleaded facts." *Shipp v. McMahon*, 234 F.3d 907, 911 (5th Cir. 2000); *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

In his Amended Complaint, Avila "alleges negligence and breach of contract and other elements of law." He brings several identifiable causes of action, including breach of contract, breach of fiduciary duty as a trustee, conversion, negligence, unjust enrichment, tortious interference with a business relationship, negligent misrepresentation, contested validity of a promissory note, and wrongful foreclosure. His Amended Complaint contends that the Defendants "have failed to show they have authority to foreclose and are the holder is [sic] due course." At the hearing, Avila clarified that his pleadings were intended completely to deny any contractual relationship with Bank of America.

In addition to alleging various causes of action in his Amended Complaint, Avila recites a single paragraph of the "Facts" of the case as follows:

> Plaintiff applied for modification and submitted all the necessary paperwork to start the process of review. Plaintiff never received an answer regarding his modification. In the middle of the modification process the Defendants foreclosed on the Plaintiff's property without giving him the opportunity to qualify or disqualify. Plaintiff was told that he needed to be behind his mortgage to qualify for modification. The

5

> Defendant [sic] was very reluctant but was told that was the only way to get a modification which usually takes approximately three months.[13]

The Amended Complaint attached an announcement "from the Office of the Comptroller of the Currency Administrator of National Banks who has announced formal enforcement action against eight (8) national bank mortgage servicers and two third party service providers for unsafe and unsound practices related to residential mortgage loan servicing foreclosure processing." On the same day he filed the Amended Complaint, Avila also filed a document entitled "Property Securitization Analysis Report" (the "Securitization Analysis Report") that was prepared by an entity known as "Certified Forensic Loan Auditors, LLC."[14] The Securitization Analysis Report attempted to trace the history of Avila's Note and Deed of Trust, and concluded with the statements that

> This report was based exclusively on the documentation provided. It also required that we make reasonable assumptions respecting disclosures and certain loan terms that, if erroneous, may result in material differences between our findings and the loan's actual compliance with applicable regulatory requirements. . . . [W]e make no representations or warranties respecting the appropriateness of our assumptions, the completeness of the information considered, or the accuracy of the findings.[15]

As was the case with the Original Complaint, the Amended Complaint—even with the Property Securitization Analysis Report attached—fails to support the alleged causes of action with specific, well-pleaded facts. Beyond the above factual recitation, Avila's

---

[13] Dkt. # 25, pg. 4.
[14] Dkt. # 26. The title page contains the notation that "This is a Securitization Analysis and not a Forensic Audit Report."
[15] *Id.*

6

pleading still consists primarily of conclusory allegations, and "[a] pleading that offers 'labels and conclusions' will not do." *Twombley,* 550 U.S. at 555. Furthermore, unlike "facts," conclusory allegations are "not entitled to the assumption of truth." *See Iqbal,* 556 U.S. at 664. Assertions without specific factual support make it hard to "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *See Twombly,* 550 U.S. at 556 n.3.

### 1. Breach of Contract

At the hearing, Avila's attorney contended that there was "no contract" between Bank of America and Avila and that this cause of action should be dismissed. Accordingly, the Defendant's Motion to Dismiss this claim is **GRANTED**.

### 2. Negligent Misrepresentation

Avila's negligent misrepresentation claims hinge upon two statements. First, Avila argued at the hearing that he is asserting a cause of action based on a misrepresentation made by Stephen Porter, an attorney who represented Bank of America, when Porter stated he was the Trustee on the Deed of Trust in January 2011. However, Avila's Amended Complaint fails to make any reference to Porter's alleged statement, in even a general way. Instead, the Amended Complaint only states that "Defendants supplied false information in the course of said Defendant's [sic] business, in the course of a transaction in which Defendant's [sic] has a pecuniary interest, and that

such information was supplied by Defendant's [sic] for the guidance of Plaintiff in the transaction described herein above."[16]

Second, at the hearing Avila also contended that several unnamed "Bank of America employees" stated during "several conversations" in the summer of 2011 that Bank of America would not foreclose, but would instead allow Avila to modify his loan. As with Porter's alleged misrepresentation, Avila's Amended Complaint fails to describe any of the facts surrounding this misrepresentation, stating only that "Plaintiff relied on the information received from the mortgage company regarding modification . . . The Defendants provided incorrect information to Plaintiff and Plaintiff was of the impression that any foreclosure would be stayed."[17]

Under Texas law, the elements of a negligent misrepresentation are (1) the defendant made a representation to the plaintiff in the course of the defendant's business or in a transaction in which the defendant had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their businesses; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered pecuniary loss. *Nazareth Int'l Inc. v. J.C. Penney Co.*, 287 S.W.3d 452, 460 (Tex. App.—Dallas 2009, pet. denied); *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999). However, "a failure to identify specific representations and explain how they were false and how Plaintiff relied on them

---

[16] Dkt. # 25, pg. 6.
[17] *Id.*

will not pass muster under Rule 12(b)(6)." *See, e.g., Souto v. Bank of America, N.A.*, No. 11-cv-3556, 2012 WL 3638024 (Aug. 22, 2012) (J. Harmon) (citing *BAC Home Loans Servicing, L.P.*, 767 F.Supp.2d 725, 734–35 (N.D. Tex. 2011). Further, only a misrepresentation of existing fact is actionable as a negligent misrepresentation claim. *See Byrd v. Chase Home Fin., LLC*, 2011 WL 5220421, at *4 (N.D. Tex. Oct.31, 2011) (citing *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied). Additionally, overt promises of future acts are not actionable as negligent misrepresentations. *See Mid–Town Surgical Ctr. ., LLP v. Blue Cross v. Blue Shield of Tex.*, 2012 WL 1252512, at *2 (S.D. Tex. Apr.11, 2012).

Avila's contention regarding Stephen Porter—made for the first time at the hearing—is not sufficiently specific to set forth any facts to explain how Avila may have justifiably relied on any such representations. Further, these allegations are not made anywhere in the Amended Complaint. Thus, they cannot pass muster under *Twombly*. *See Twombly*, 550 U.S. at 556 n.3. Similarly, the allegations regarding the statements made to Avila by Bank of America employees are not sufficiently detailed as to the basic "who, what, where, when and how" of these statements, and the allegations that were presented during the hearing do not merit a claim of negligent misrepresentation as a matter of Texas law. *Id.*; *Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 760 (Tex. App.–Fort Worth 2012, pet. denied) (a promise of future conduct will not support a negligent misrepresentation claim). For these reasons, Defendants' Motion to Dismiss this claim is **GRANTED**.

### 3. Bifurcation of Original Lender Secured Debt—Loss of Perfection of the Security Instrument

Avila's Amended Complaint also contends that "Defendants attempted to gain control of the security instrument without the proper negotiation of the note to Defendant and their claim of ownership of the security instrument is without merit." Avila also claims that "perfection of the note had been lost due to bifurcation. . . . It is Plaintiff [sic] belief that the Defendants did not have authority to foreclose on the property [and] are in fact not the actual holders of the original note or properly perfected security instrument, and therefore Defendants are not entitled to collect on a debt. Only the original creditor could achieve this."[18]

The Deed of Trust that Avila signed in 2007 explicitly states, however, that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but if necessary to comply with law or custom MERS . . . has the right: to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property; and to take any action required of the Lender including, but not limited to, releasing and cancelling this Security Instrument." The Deed of Trust also contains a section relating to sale of the Promissory Note, stating "The Note or a partial interest in the Note (together with this Security Instrument) can be sole one or more times without prior notice to Borrower."[19] Similarly, the Note Avila signed in 2007 also acknowledged "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is

---

[18] Dkt. #25, pg. 7
[19] Dkt. # 5-2, pg. 12

10

entitled to receive payments under this Note is called the 'Note Holder.'"[20] The record contains evidence of exactly such a transfer—in December 2010, MERS assigned the Deed of Trust of BAC Home Loans Servicing.[21] In 2011, Bank of America, the successor by merger to BAC Home Loans Servicing, sold the Deed of Trust to Federal National Mortgage Association ("Fannie Mae").

Avila's argument appears to be that the Note was improperly pooled with other notes, and sold as a security, and this process prevents a valid foreclosure upon his home. This argument is not spelled out in any detail in Avila's Amended Complaint, however. Instead, Avila simply recites formulaic and conclusory allegations and relies on the Securitization Analysis Report he filed separately from the Amended Complaint—a document that purports to be the unsworn factual allegations of an unnamed person of unknown qualifications, who also simultaneously states that their statements are not be taken as "representations or warranties respecting the appropriateness of our assumptions, the completeness of the information considered, or the accuracy of the findings."[22] Put simply, the Amended Complaint does not set forth Avila's claim or its factual basis, and this failure alone is enough to merit granting the Defendants' Motion to Dismiss this ground.

Further, even if Avila's allegations were set forth in more detail, "improper bifurcation" is a theory that has been repeatedly rejected by courts in the Fifth Circuit in this context. *See, e.g., Bashore v. Bank of America*, No. 4:11-cv-93, 2012 WL 629060

---

[20] Dkt. # 5-1, pg. 2
[21] Dkt. # 5-3.
[22] *Id.*

11

(E.D. Tex. Feb. 27, 2012) (where plaintiff argued that foreclosure sale by substitute trustee was invalid because MERS' transfer of the mortgage was invalid, stating "In short, there is no merit to Plaintiffs' argument that the Deed of Trust and Note were 'split,' such that it would invalidate the foreclosure."); *see also Santarose v. Aurora Bank FSB*, 2010 WL 2232819, at *5 (S.D. Tex. June 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest). "In other words, a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011).

### 4. Wrongful Foreclosure

In this section of his Amended Complaint, Avila complains that the pre-foreclosure notice was "defective and invalid" because it named MERS and Bank of America as the holder of the mortgage. Avila does not refer to any specific requirements of notice, nor does he allege the particulars of when or whether he ever did receive notice. Accordingly, Defendants' Motion to Dismiss this claim should be **GRANTED**.

### 5. Improper Acceleration

This section of the Amended Complaint is composed of three sentences, one of which is a citation. Avila alleges that the note was improperly accelerated. He does not allege any facts to support this bare allegation, other than that "a Broken Chain of Assignments rendered the 'Deed of Trust; void and unenforceable . . . therefore no activation of 'Power of Sale' clause in the 'Deed of Trust' was allowed or was lawful according to Texas law." This allegation relates to Avila's earlier contention regarding

Bank of America's right to foreclose, and does not relate to any actual acceleration of the note. Accordingly, Defendants' Motion to Dismiss this claim is **GRANTED**.

### 6. Attorney's Fees

Avila seeks to recover "all costs and reasonable and necessary attorney's fees." However, without a viable cause of action, Avila is not entitled to recover attorney's fees. Defendants' Motion to Dismiss this claim is also **GRANTED**.

### CONCLUSION

The Court has considered Defendants' Motion to Dismiss and considered Avila's Amended Complaint  It is ordered that Defendants' Motion to Dismiss is **GRANTED** and Avila's Amended Complaint is **DISMISSED, with prejudice**.

**Signed at Houston, Texas, on December 5, 2012.**

*/s/ George C. Hanks*

George C. Hanks, Jr.
United States Magistrate Judge